UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KOREY CRANE, Individually and on behalf of all others similarly situated, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 25-cv-11727-ADB |
| THE CHEESECAKE FACTORY INCORPORATED, | * * * * | |
| Defendant. | * * * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

     Plaintiff Korey Crane alleges that Defendant The Cheesecake Factory, Incorporated ("The Cheesecake Factory") failed to provide him with a written notice of his rights concerning lie detector tests in violation of Mass. Gen. Laws ch. 149, § 19B. See [ECF No. 15 ("Amended Complaint" or "Am. Compl.") ¶¶ 14–15]. Plaintiff brings these claims on behalf of himself and all others similarly situated. Now pending before the Court is Defendant's motion to dismiss. [ECF No. 17]. For the reasons set forth below, the motion is **GRANTED** and Plaintiff's claims are remanded to the Superior Court.

# I.      BACKGROUND

## A.      Factual Background

The Cheesecake Factory, a Delaware corporation with its principal place of business in Calabasas Hills, California, targets job applicants in Massachusetts and employs Massachusetts residents at its restaurants within the state.  [Am. Compl. ¶ 7].

In approximately February 2025, Mr. Crane, who resides in Boston, Massachusetts, applied to work as a server at a Cheesecake Factory restaurant in Boston, Massachusetts.  [Am. Compl. ¶ 6].  The application that he filled out did not include a notice of his rights concerning lie detector tests as required by Mass. Gen. Laws ch. 149, § 19B(2)(b).  [Id.].

## B.      Procedural History

Plaintiff filed this action in Suffolk County Superior Court on June 13, 2025, and Defendants then removed to federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), asserting that the action includes more than 100 putative class members, an amount in controversy exceeding $5 million, and minimal diversity.  [ECF No. 1 ¶ 5].  Plaintiff filed his Amended Complaint on August 18, 2025, [Am. Compl.], and Defendant moved to dismiss on September 2, 2025, [ECF No. 17].  Plaintiff opposed on September 16, 2025, [ECF No. 19], and with leave, Defendant replied to Plaintiff's opposition on September 30, 2025, [ECF No. 24].

# II.      STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts, analyze those facts in the light most favorable to the plaintiff, and draw all reasonable factual inferences in favor of the plaintiff.  See Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019) (internal citations omitted).  Under Rule 12(b)(6), "a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"

Cardigan Mountain Sch. v. N.H. Ins., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P.

8(a)(2)).  This pleading standard requires "more than labels and conclusions," Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007), and "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009).  Rather, a complaint "must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

## III.    DISCUSSION

### A.    Lie Detector Notice Claim

Mass. Gen. Laws ch. 149, § 19B prohibits employers in Massachusetts from subjecting

applicants or employees to lie detector tests as a condition of employment or continued

employment and requires employers to notify applicants of that prohibition.  See generally Mass.

Gen. Laws ch. 149, § 19B.  Subsection (2) of the statute provides, in part:

> It shall be unlawful for any employer or his agent, with respect to any of his
> employees, or any person applying to him for employment . . . to subject such
> person to, or request such person to take a lie detector test . . . or to discharge, not
> hire, demote or otherwise discriminate against such person for the assertion of
> rights arising hereunder . . . .
>
> . . . .
>
> . . . All applications for employment within the commonwealth shall contain the
> following notice which shall be in clearly legible print:
>
> "It is unlawful in Massachusetts to require or administer a lie detector test as a
> condition of employment or continued employment. An employer who violates this
> law shall be subject to criminal penalties and civil liability."

Id. § 19B(2).  Subsection (4) states:

> Any person aggrieved by a violation of subsection (2) may institute within three
> years of such violation and prosecute in his own name and on his own behalf, or
> for himself and for other similarly situated, a civil action for injunctive relief and
> any damages thereby incurred, including treble damages for any loss of wages or
> other benefits. The total awarded damages shall equal or exceed a minimum of five

hundred dollars for each such violation. A person so aggrieved and who prevails in such action shall be entitled to an award of the costs of the litigation and reasonable attorney fees.

Id. § 19B(4).

Plaintiff alleges that The Cheesecake Factory violated section 19B by failing to include the written lie detector notice as set forth in subsection 19B(2)(b) in applications for its Massachusetts-based jobs. [Am. Compl. ¶ 13]. Plaintiff does not allege that The Cheesecake Factory subjected him, or any of the class members, to a lie detector test as part of the application process or any subsequent employment at the restaurant. See generally [Am. Compl.].

### B.    Standing

In its motion to dismiss, Defendant primarily argues that there is no private cause of action for mere notice violations under section 19B and that Plaintiff is not an aggrieved person who can bring a notice claim under the statute. See generally [ECF No. 18]. Defendant subsequently filed a notice of supplemental authorities citing two recent Massachusetts Superior Court decisions dismissing similar claims for lack of standing after finding that the plaintiffs in those actions were not "persons aggrieved" under the statute. [ECF No. 25 at 1].[1]

Before addressing the issue of statutory standing, the Court must first "satisfy itself as to its jurisdiction, including [Plaintiff's] Article III standing to sue." Pagan v. Calderon, 448 F.3d 16, 26 (1st Cir. 2006). "To satisfy the 'irreducible constitutional minimum' of Article III standing, . . . the plaintiff bears the burden of establishing that he has '(1) suffered an injury in

---

[1] Defendant's notice of supplemental authorities cites Dzigbodi Ababio v. Nike Retail Servs., Inc., No. 2584CV01134-BLS-1 (Mass. Super. Ct. Nov. 25, 2025) and Leonard Whitney v. The Hertz Corp., No. 2584-CV-01165-BLS2 (Mass. Super. Ct. Dec. 1, 2025).

fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" Yershov v. Gannet Satellite Info. Network, Inc., 204 F. Supp. 3d 353, 358 (D. Mass. 2016) (first quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992); and then quoting Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016)).  For Plaintiff to establish an "injury in fact" he must demonstrate "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'"  Lujan, 504 U.S. at 560.

While the "denial of information to which plaintiffs have a legal right can be a concrete injury in fact," Laufer v. Acheson Hotels, LLC, 50 F.4th 259, 269 (1st Cir. 2022) (citing Fed. Election Comm'n v. Akins, 524 U.S. 11, 20–21 (1998); then citing Pub. Citizen v. U.S. Dep't of Just., 491 U.S. 440, 449–50 (1989); and then citing Spokeo, 578 U.S. at 342), the Supreme Court has held that "[a]n 'asserted informational injury that causes no adverse effects cannot satisfy Article III [standing requirements],'" TransUnion LLC v. Ramirez, 594 U.S. 413, 442 (2021) (quoting Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 1004 (11th Cir. 2020)).  A concrete injury is required "even in the context of a statutory violation."  Id. at 426 (quoting Spokeo, 578 U.S. at 341).

Generally speaking, "[a]n 'asserted informational injury that causes no adverse effects cannot satisfy Article III [standing requirements]," TransUnion LLC v. Ramirez, 594 U.S. 413, 442 (2021) (quoting Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 1004 (11th Cir. 2020)), and a concrete injury is required "even in the context of a statutory violation," id. at 426 (quoting Spokeo, 578 U.S. at 341).  Applying the TransUnion holding to section 19B, other sessions of this Court have held that the concrete injury requirement was satisfied where the lack of lie detector notice led to the "downstream consequence" of the applicant actually taking a lie

detector test, <u>see</u> <u>Baker v. CVS Health</u>, 717 F. Supp. 3d 188, 192 (D. Mass. 2024), but not where the applicant did not face any downstream consequences from the lack of notice, <u>see</u> <u>Saint Cyr v. JPMorgan Chase Bank, N.A.</u>, No. 25-cv-11751, 2025 WL 2977935 (D. Mass. Oct. 22, 2025) (where "[p]laintiff's only purported injury is that he was not apprised of his rights under section 19B" he suffered a "purely informational injury result[ing] in no 'downstream consequences'").

Here, Plaintiff's only alleged injury is that he did not receive the lie detector notice in his application for employment at The Cheesecake Factory.[2]  [Am. Compl. ¶ 16].  Plaintiff does not claim that The Cheesecake Factory subjected him to a lie detector test or that he suffered any other type of harm or downstream consequences as a result of not receiving the notice.  <u>See generally</u> [Am. Compl.].  Because Plaintiff fails to allege anything beyond an informational injury that caused no adverse effects, he lacks Article III standing, and this Court must remand the case.  <u>Me. Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't of Hum. Servs.</u>, 876 F.2d 1051, 1054 (1st Cir. 1989).

---

[2] The First Circuit did hold, after <u>TransUnion</u> was decided, that the "denial of information to which plaintiffs have a legal right <u>can</u> be a concrete injury in fact," <u>Laufer v. Acheson Hotels, LLC</u>, 50 F.4th 259, 269 (1st Cir. 2022) (emphasis added) (citing <u>Fed. Election Comm'n v. Akins</u>, 524 U.S. 11, 20–21 (1998); then citing <u>Pub. Citizen v. U.S. Dep't of Just.</u>, 491 U.S. 440, 449–50 (1989)), but its opinion recognized that <u>TransUnion</u> imposed significant limitations on such informational injuries.  The plaintiff in <u>Laufer</u> accessed the defendant's website seeking certain accessibility information to which she had a legal right and was denied that information, <u>id.</u> at 263–64, while here, Plaintiff makes no claim that he requested a lie detector notice from The Cheesecake Factory or that he applied to The Cheesecake Factory seeking to receive the lie detector notice.  Moreover, the plaintiff in <u>Laufer</u> alleged that she suffered "feelings of frustration, humiliation, and second-class citizenry" which the Court found to be "downstream consequences" of her informational injury.  <u>Id.</u> at 275.  Here, Plaintiff alleges no comparable stigmatic injury.  Given the differences between this case and <u>Laufer</u>, the Court does not find reason to deviate from the analysis of other sessions of this Court.

**IV.**    **CONCLUSION**

Accordingly, Defendant's motion to dismiss, [ECF No. 17], is **<u>GRANTED</u>** because

Plaintiff lacks Article III standing.  This action is hereby remanded to the Suffolk County

Superior Court.

**SO ORDERED.**

December 8, 2025                                    */s/ Allison D. Burroughs*
                                                   ALLISON D. BURROUGHS
                                                   U.S. DISTRICT JUDGE

7